STATE OF TEXAS EL REL. J. D. TODD, JR.
v. PAUL A. MARTINEAU ET AL.

No. 8112. Decided May 26, 1943.
Motion to reinstate overruled July 14, 1943.
(171 S. W., 2d Series, 856.)
(173 S. W., 2d Series, 460.)

*J. D. Todd,* Criminal District Attorney of Nueces County, of Corpus Christi, for himself and the State, *Gerald C. Mann,* Attorney General, and *R. W. Fairchild,* Assistant Attorney General, for the State, petitioners.

*Paul A. Martineau* and *Kemp, Lewright, Dyer, Wilson & Sorrell,* all of Corpus Christi, for respondents.

MR. JUSTICE SHARP delivered the opinion of the Court.

J. D. Todd, Jr., District Attorney for Nueces County, in the name of the State of Texas, filed an original petition in this Court, in the nature of a quo warranto, to determine whether Paul A. Martineau is entitled to hold the office of Special Judge of the 94th Judicial District Court; to which office he was elected

by the practicing attorneys of Nueces County in accordance with Article 1887, Vernon's Annotated Civil Statutes, because of the absence of Judge Allen Wood, the regular judge of that court. Relator alleges that said Article 1887 authorizes the practicing attorneys to effect a special judge only during the tenure of and in the absence of the regular district judge, and does not authorize the election of a special judge when the regular judge has vacated his office, and that Judge Allen Wood vacated his office as district judge when he was commissioned an officer in the United States Naval Reserve. It is further alleged that such an officer does not come within the exceptions of Section 40 of Article 16 of the State Constitution, which section prohibits the holding of more than one office of emolument, with certain exceptions; and that since an officer in the United States Naval Reserve is not within the exceptions stated in Section 40 of Article 16, the practicing attorneys had no authority to elect Paul A. Martineau as a special judge.

Section 3 of Article 5 of the State Constitution provides that, "The Legislature may confer original jurisdiction on the Supreme Court to issue writs of quo warranto and mandamus in such cases as may be specified, except as against the Governor of the State." Article 1733, Vernon's Annotated Civil Statutes, provides that the Supreme Court may issue writs of quo warranto "agreeable to the principles of law regulating such writs, against any district judge, * * *." This article clearly does not give the Supreme Court original jurisdiction of quo warranto proceedings to test the right of Paul A. Martineau to hold the office as special judge on a petition filed by the district attorney. The Legislature, by Article 6253, Vernon's Annotated Civil Statutes, has provided, among other things, that, "If * * * any public officer shall have done or suffered any act which by law works a forfeiture of his office, * * * the * * * district or county attorney of the proper county or district, either of his own accord or at the instance of any individual relator, may present a petition to the district court of the proper county, or any judge thereof in vacation, for leave to file an information in the nature of a quo warranto in the name of the State of Texas. If such court or judge is satisfied that there is probable ground for the proceeding, he shall grant such leave and order the information to be filed and process to issue."

It appearing that a district attorney has no lawful authority to file a quo warranto petition in the Supreme Court to test the right or title of a district judge to his office, the order of this Court permitting this petition for quo warranto to be filed is

now set aside, and permission to file such petition is denied. Also, the petition for quo warranto is here now dismissed, without prejudice.

Opinion delivered May 26, 1943.

### ON MOTION TO REINSTATE CAUSE.

In an opinion delivered May 26, 1943, this Court held that a district attorney had no lawful authority to file a quo warranto petition in the Supreme Court to test the right or title of a disrict judge to his office, and for that reason the order of this Court permitting such petition to be filed in this Court was set aside, and the permission to file such petition was denied and same was dismissed without prejudice. The Attorney General was not a party to this suit at that time. 171 S. W. (2d) 856. The Attorney General has now filed a motion to reinstate the above-styled cause heretofore dismissed without prejudice.

We will supplement our original opinion with the following essential facts: It is shown that on March 1, 1943, Paul A. Madtineau was elected Special Judge of the 94th Judicial District Court in Nueces County, to preside over that court in the place of the Honorable Allen Wood. Thereafter, on April 5, 1943, the said Paul A. Martineau was again elected special district judge of said court. It is further shown that he was regularly elected and qualified as such special judge as provided for in Article 1887 et seq., Revised Civil Statutes 1925.

Article 199, Serial No. 94, of Vernon Annotated Civil Statutes, defines the jurisdiction and powers of the 94th Judicial District Court of Nueces County, and provides for the terms of such court in the following language:

"Sec. 3. The terms of the 94th District Court shall begin on the first Mondays, respectively, in February, April, June, August, October, and December of each year, and each term may continue for eight (8) weeks."

It appears from the record before us that the last term for which Paul A. Martineau was elected as special district judge expired in May, 1943. It also appears that the term of the 94th Judicial District Court lasts only eight weeks, and if he should be re-elected it would be practically impossible for this question to be presented and determined by this Court within the limited time prescribed by the statute defining the terms of that court.

Article 6253 et seq. of the Revised Civil Statutes furnished in detail the means and method of determining if a district judge has forfeited his office. Whether such articles furnish the exclusive method for determining such question we are not called upon here to decide.

Therefore the motion of the Attorney General is overruled.

Opinion delivered July 14, 1943.