**STATE ex rel. TODD v. MARTINEAU et al.**
**No. 8112.**

Supreme Court of Texas.
May 26, 1943.

Motion to Reinstate Overruled July 14, 1943.

J. D. Todd, Jr., Crim. Dist. Atty., of Corpus Christi, for appellant.

Paul A. Martineau and Kemp, Lewright, Dyer, Wilson & Sorrell, all of Corpus Christi, for appellees.

SHARP, Justice.

J. D. Todd, Jr., District Attorney for Nueces County, in the name of the State of Texas, filed an original petition in this Court, in the nature of a quo warranto, to determine whether Paul A. Martineau is

entitled to hold the office of Special Judge of the 94th Judicial District Court; to which office he was elected by the practicing attorneys of Nueces County in accordance with Article 1887, Vernon's Annotated Civil Statutes, because of the absence of Judge Allen Wood, the regular judge of that court. Relator alleges that said Article 1887 authorizes the practicing attorneys to elect a special judge only during the tenure of and in the absence of the regular district judge, and does not authorize the election of a special judge when the regular judge has vacated his office, and that Judge Allen Wood vacated his office as district judge when he was commissioned an officer in the United States Naval Reserve. It is further alleged that such an officer does not come within the exceptions of Section 40 of Article 16 of the State Constitution, which section prohibits the holding of more than one office of emolument, with certain exceptions; and that since an officer in the United States Naval Reserve is not within the exceptions stated in Section 40 of Article 16, the practicing attorneys had no authority to elect Paul A. Martineau as a special judge.

Section 3 of Article 5 of the State Constitution provides that, "The Legislature may confer original jurisdiction on the Supreme Court to issue writs of quo warranto and mandamus in such cases as may be specified, except as against the Governor of the State." Article 1733, Vernon's Annotated Civil Statutes, provides that the Supreme Court may issue writs of quo warranto "agreeable to the principles of law regulating such writs, against any district judge * * *." This article clearly does not give the Supreme Court original jurisdiction of quo warranto proceedings to test the right of Paul A. Martineau to hold the office as special judge on a petition filed by the district attorney. The Legislature, by Article 6253, Vernon's Annotated Civil Statutes, has provided, among other things, that, "If * * * any public officer shall have done or suffered any act which by law works a forfeiture of his office, * * * the * * * district or county attorney of the proper county or district, either of his own accord or at the instance of any individual relator, may present a petition to the district court of the proper county, or any judge thereof in vacation, for leave to file an information in the nature of a quo warranto in the name of the

State of Texas. If such court or judge is satisfied that there is probable ground for the proceeding, he shall grant such leave and order the information to be filed and process to issue."

It appearing that a district attorney has no lawful authority to file a quo warranto petition in the Supreme Court to test the right or title of a district judge to his office, the order of this Court permitting this petition for quo warranto to be filed is now set aside, and permission to file such petition is denied. Also, the petition for quo warranto is here now dismissed, without prejudice.